**MANILLA ANCHOR BREWING CO. v. RAW SILK TRADING CO. et al.** (Supreme Court, Appellate Division, Second Department. October 2, 1914.) Action by the Manilla Anchor Brewing Company against the Raw Silk Trading Company and others. No opinion. Motion granted, without costs. See, also, 148 N. Y. Supp. 1129.

---

**MARCANTONIO, Respondent, v. SWANCOTT et al., Appellants.** (Supreme Court, Appellate Division, Fourth Department. October 22, 1914.) Action by Anthony Marcantonio against G. Harry Swancott and others. No opinion. Judgment and order affirmed, with costs.

---

**MARSH, Respondent, v. WARD, Appellant.** (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by William T. Marsh against Marshall E. Ward. H. C. Burnstine, of New York City, for appellant. C. O. Maas, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

**MARSHFIELD, Appellant, v. VILLAGE OF SOLVAY, Respondent.** (Supreme Court, Appellate Division, Fourth Department. October 7, 1914.) Action by Anna Marshfield against the Village of Solvay. No opinion. Judgment and order affirmed, with costs.

---

**MARTIN v. WHITNEY.** (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by Robert H. Martin against Henry M. Whitney. No opinion. Motion granted, with $10 costs. Order filed.

---

**MASON–SEAMAN TRANSP. CO. v. HEFFERNAN et al.** (No. 6215.) (Supreme Court, Appellate Division, First Department. October 16, 1914.) Appeal from Special Term, New York County. Action by the Mason-Seaman Transportation Company against Margaret Heffernan and another. From an order restraining defendants from prosecuting certain Municipal Court actions during the pendency of the action, defendants appeal. Modified and affirmed. Henry B. Leary, of New York City, for appellants. Henry B. Twombly, of New York City, for respondent.

PER CURIAM. The order appealed from is modified, by requiring the plaintiff to give a bond in the sum of $1,500, and, as so modified, affirmed, without costs.

---

**MASTERTON, Respondent, v. MASTERTON, Appellant.** (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by Kate S. Masterton against Robert S. Masterton. A. Ritchie, of New York City, for appellant. G. G. Battle, of New York City, for respondent. No opinion. Order modified, as directed in order, and, as modified, affirmed, without costs. Order filed.

---

**MATHESON, Respondent, v. MENTE et al., Appellants.** (Supreme Court, Appellate Division, Second Department. October 16, 1914.) Action by Malcolm Ross Matheson, as substituted trustee, etc., of Richard J. Stainton, deceased, against Ottilie Mente and others. No opinion. On consent of respondent, motion granted as of the time of the entry of the order sought to be amended, without costs. Settle order before Mr. Justice Thomas. See, also, 148 N. Y. Supp. 1130.

---

**MEAGHER, Respondent, v. HEARN et al., Appellants.** (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by Mary F. Meagher, as administratrix, against George A. Hearn and others. E. F. Lindsay, of New York City, for appellants. F. W. Holmes, of Brooklyn, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

---

**MEDLEY v. FIFTH AVE. COACH CO.** (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by Lillie M. Medley against the Fifth Avenue Coach Company. No opinion. Motion granted, with $10 costs. Order filed.

---

**MELE, Appellant, v. WATERBURY CO., Respondent.** (Supreme Court, Appellate Division, Second Department. October 2, 1914.) Action by Giuseppe Mele against the Waterbury Company.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, to the extent of giving plaintiff, accompanied by not more than two persons, an inspection of the machine by which he claims to have been hurt, together with its equipment and appurtenances; that such persons be permitted to examine during business hours such machine, both in operation and at rest, and to take a photograph of the same; that plaintiff give in writing notice to defendant's attorneys, two days before such inspection, of the day and hour when the same will be had; and that at the time named such inspection and photograph be made within a period not exceeding 15 minutes. See Pasuk v. American Manufacturing Co., 160 App. Div. 909, 144 N. Y. Supp. 1134.